[See Case No. 2,378.]

---

## Case No. 8,880.

McLEAN et al. v. BROWN et al.

[4 N. B. R. 585 (Quarto, 188).] [1]

District Court, E. D. Missouri. 1871.

BANKRUPTCY — NONPAYMENT OF COMMERCIAL PAPER—SUSPENSION CONTEMPLATED BY LAW.

The non-payment of a single piece of commercial paper is not an act of bankruptcy in itself,

---

[1] [Reprinted by permission.]

for the reason that there may be a defense to it; but where such suspension is chronic, or there is an inability to meet and pay checks and notes as they mature, then that is such a suspension as the law contemplates, and even though there may be but a single piece of paper and fourteen days past due, the maker may be adjudged bankrupt.

[Approved in Re Hercules Mut. Life Assur. Soc.. Case No. 6,402. Cited in Re Hadley, Id. 5,894.]

This was a petition by creditors to have the defendants [Brown, Weber & Co.] adjudged bankrupts, alleging that they had suspended payment of their commercial paper and had not resumed within fourteen days. Upon this suspension issue was taken. At the trial a check of the defendants given in payment of rent of the store they occupied in their business, and which had remained unpaid for more than fourteen days, was presented in evidence. It was also shown that they had been embarrassed for some time before the filing of the petition; that they drew checks without funds in bank to meet them, drawing checks upon one bank and depositing them in another so as to gain the time of a day in their passage through the clearing-house, and also drawing kiting bills, upon which they raised money. The bankrupts alleged that they had arranged for the delay of the paper overdue, and that they had not suspended payment; and that they were not insolvent and could have paid their debts as they matured, but for the filing of the petition, which had destroyed their credit and prevented them from fulfilling their obligations.

TREAT, District Judge. This case differs in its elements from any that have come before me, but the views expressed in previous opinions still remain unmodified. The suspension referred to in the bankrupt act [of 1867 (14 Stat. 517)] is a general suspension of commercial paper, not the mere non-payment of a single note or bill which the debtor refuses to pay because he denies his liability, or does not pay for the reason that he has, as he supposes, arranged for an extension or delay of payment. The court, upon an application of this kind, will not sit to try the validity of the reasons for the non-payment of the note or bill; it is not a court for the mere collection of debts, and each case must be considered by itself in connection with the circumstances surrounding it. This firm may possibly be solvent and able from its assets to meet all demands if it can get indulgence. It may happen to any man in business to find himself in a condition in which he cannot realize his assets in time to meet his obligations as they mature, and he may need a short indulgence to enable him to collect what is due him; but in this case the difficulty had become chronic, and the firm could not meet their paper in the ordinary course of business, and in that sense they may be considered as being insolvent. It had become a system with them in the

course of which checks are drawn and redrawn, post-dated, laid over; notes met by checks without funds, trusting to funds to be received thereafter. This had become a habit. They would draw checks and afterwards order their bankers to pay some and throw out others, and then excuse themselves for the return of those dishonored, or try to make some arrangement with the holders thereof for delay. Although, therefore, but a single check is shown to have laid over unpaid for fourteen days, they may be really considered as having suspended payment generally. The non-payment of one piece of paper is not of itself a suspension, for there may be good reason for it; the party may have had a defense against it, or he may have arranged for delay of payment; but when he fails to pay for want of means, and continues unable to pay, he has suspended within the meaning of the act, and may be adjudged bankrupt. Let the judgment be entered for the creditor.